**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DAVID ANDRES PEREZ-PELAEZ, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:15-CR-0078-ODE-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:18-CV-0031-ODE-RGV |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of David Andres Perez-Pelaez's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 58]. For the reasons that follow, the undersigned finds that this § 2255 motion is impermissibly successive and **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1]

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a three-count indictment against Perez-Pelaez charging him in Count One with illegally exporting firearms, in violation of 18 U.S.C. § 554, in Count Two with possession and disposing of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), and in Count Three with failing to declare firearms to a common carrier, in violation of § 922(e). [Doc. 1]. After Perez-Pelaez pleaded guilty to Count One, the Court sentenced him to forty-six months of imprisonment. [Docs. 32-1; 38; 45; 48].

In June of 2016, Perez-Pelaez filed a pro se § 2255 motion, [Doc. 43], which the Court found lacked merit and dismissed, [Doc. 50]. The United States Court of Appeals for the Eleventh Circuit has twice denied Perez-Pelaez leave to file a second or successive § 2255 motion. [Docs. 56-57]. Perez-Pelaez has now filed the instant § 2255 motion arguing that he is entitled to a minor role reduction. [Doc. 58].

## II. DISCUSSION

As noted above, Perez-Pelaez filed a prior § 2255 motion that was dismissed on the merits. [Docs. 43; 50]. The instant motion is therefore successive, and this Court may consider it only if Perez-Pelaez has first obtained authorization from the Eleventh Circuit to file it. See 28 U.S.C. § 2255(h) & § 2244(b)(3)(A). There is no indication

in the record that Perez-Pelaez has obtained such authorization. In fact, the record shows that the Eleventh Circuit has twice denied Perez-Pelaez authorization to file a second § 2255 motion. [Docs. 56-57]. Accordingly, the Court lacks jurisdiction to consider this second § 2255 motion. See Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010) (per curiam) (holding that "district court lacked jurisdiction to entertain . . . second motion to vacate" because movant had not obtained "permission from [the Eleventh Circuit] to file a successive motion").

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented

were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Perez-Pelaez's § 2255 motion as impermissibly successive is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Perez-Pelaez's § 2255 motion, [Doc. 58], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 22nd day of JANUARY, 2018.

*/s/ Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE